1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    KENNETH GREEN,

11              Plaintiff,                No. CIV S-11-1515 DAD P

12         vs.

13    JAMES E. HILTON, et al.,

14              Defendants.               ORDER

15    _____/

16         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17    U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18    This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19    302 and 28 U.S.C. § 636(b)(1).

20    I.  In forma Pauperis Application

21         Plaintiff has submitted an in forma pauperis application that makes the showing

22    required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

23    pauperis.

24         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

25    28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $1.59 will be assessed by this

26    order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

1

1   agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

2   the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

3   twenty percent of the preceding month's income credited to plaintiff's prison trust account.

4   These payments will be collected and forwarded by the appropriate agency to the Clerk of the

5   Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

6   full.  See 28 U.S.C. § 1915(b)(2).

7   II.  Screening Requirement

8           The court is required to screen complaints brought by prisoners seeking relief

9   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

10  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

11  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

12  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

13  U.S.C. § 1915A(b)(1) & (2).

14          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

16  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

17  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

18  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

19  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

20  Cir. 1989); Franklin, 745 F.2d at 1227.

21          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

22  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

25  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

26  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

2

1 factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>,

2 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

3 allegations of the complaint.  <u>See</u> <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740

4 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

5 resolve all doubts in the plaintiff's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

6 III.  Plaintiff's Complaint

7         In his complaint plaintiff names as defendants Director James Hilton of the

8 California Department of Corrections and Rehabilitation and James Hill, Warden of Folsom

9 State Prison.  Plaintiff alleges that on July 22, 2010, while he was incarcerated at California State

10 Prison - Solano (CSP-Solano), he was threatened by inmate Thomas Jenkins and other members

11 of the Black Guerilla Family prison gang.  Plaintiff was placed in administrative segregation

12 pending an investigation of the incident and on October 1, 2010, was transferred to Folsom State

13 Prison because of the threats and safety concerns.  On January 20, 2011, while on the main yard

14 at Folsom State Prison, plaintiff was assaulted by inmate Thomas Jenkins.  Plaintiff was unaware

15 that inmate Jenkins was at that time also incarcerated at Folsom State Prison.  After being

16 threatened again by another inmate, plaintiff was placed in administrative segregation and on

17 March 15, 2011, was transferred to CSP-Solano where he was housed in administrative

18 segregation due to a lack of available bed space.  Plaintiff alleges that he suffers from an

19 unspecified disability and mental health problems and that prison officials have failed to provide

20 him reasonable protection from other inmates thereby leaving him in danger.

21 IV.  Supervisory Defendants

22         The Civil Rights Act under which this action was filed provides as follows:

23         Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the

24         deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at

25         law, suit in equity, or other proper proceeding for redress.

26 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his complaint plaintiff has named supervisorial defendants Hilton[1] and Hill. However, plaintiff's complaint contains no factual allegations suggesting a causal link between these defendants and plaintiff's claim that prison officials failed to protect him from harm at the hands of other inmates.  Therefore, the court will dismiss the complaint and grant plaintiff leave to file an amended complaint.  Plaintiff is advised to carefully consider whether he has named the proper defendants in this action.  Moreover, if plaintiff elects to file an amended complaint and chooses to name any supervisory defendants, he is advised that he must set forth specific factual allegations in his amended complaint linking those defendants to the events about which he complains.  Although the Federal Rules adopt a flexible pleading policy, a complaint must

[1]  Plaintiff has named as a defendant James E. Hilton who is identified as the "Secretary/Executive Director" of the California Department of Corrections and Rehabilitation (CDCR).  The court notes that James Tilton was the Secretary of the CDCR until 2008.  Matthew Cate has been the Secretary of CDCR since May 16, 2008.  California Department of Corrections & Rehabilitation, http://www.cdcr.ca.gov (February 6, 2012).

1  provide fair notice to the named defendants of the claims against them and must allege facts that

2  support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency,

3  733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity

4  overt acts which each named defendant engaged in that support his claims.  Id.

5  V.  Eighth Amendment Standard

6          It is well established that a prison official's deliberate indifference to a substantial

7  risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth

8  Amendment.  Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S.

9  25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991); Estelle v. Gamble, 429 U.S. 97,

10  104 (1976).  "It is not, however, every injury suffered by one prisoner at the hands of another that

11  translates into constitutional liability for prison officials responsible for the victim's safety."

12  Farmer, 511 U.S. at 834.  There are an objective and a subjective requirement which must be met

13  for an Eighth Amendment claim.  First, for the objective requirement, "the inmate must show

14  that he is incarcerated under conditions posing a substantial risk of serious harm."  Id.  Second,

15  the prison official must have a sufficiently culpable state of mind.  See id.  Here the state of mind

16  is one of deliberate indifference.  See id.  A prison official who knows of and disregards an

17  excessive risk to the inmate's health or safety demonstrates deliberate indifference.  See id. at

18  837.  Thus, "the official must both be aware of facts from which the inference could be drawn

19  that a substantial risk of serious harm exists, and he must also draw that inference."  Id.

20  However, an official that knows of a substantial risk to an inmate's health or safety but acts

21  reasonably under the circumstances will not be held liable under the cruel and unusual

22  punishment clause, even if the threatened harm results.  See id. at 843.  Therefore, in his

23  amended complaint plaintiff must allege facts demonstrating that he faced a substantial risk of

24  serious harm, that the named defendants knew of and disregarded that risk of harm to plaintiff,

25  and that the actions of the named defendants were not reasonable.

26  /////

1       In any amended complaint he elects to file plaintiff should also clarify whether his

2  prison records indicate that he had advised prison officials prior to his transfer to Folsom State

3  Prison that inmate Thomas Jenkins had threatened to harm him.

4  VI.  Amended Complaint

5       If plaintiff chooses to file an amended complaint, he must allege facts

6  demonstrating how the conditions complained of resulted in a deprivation of his federal

7  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  As noted

8  above, the amended complaint must allege in specific terms how each named defendant was

9  involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983

10  unless there is some affirmative link or connection between a defendant's actions and the

11  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

12  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

13  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

14  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15       Plaintiff is informed that the court cannot refer to a prior pleading in order to

16  make his amended complaint complete.  Local Rule 220 requires that an amended complaint be

17  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

18  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

19  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

20  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

21  and the involvement of each defendant must be sufficiently alleged.

22                          CONCLUSION

23       In accordance with the above, IT IS HEREBY ORDERED that:

24       1.  Plaintiff's June 23, 2011 application to proceed in forma pauperis (Doc. No. 6)

25  is granted.

26  /////

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $1.59.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in the dismissal of this action without prejudice.

5.  The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: February 7, 2012.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
green1515.14

7