IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH GREEN,

Plaintiff, No. 2:11-cv-01515 DAD P

vs.

JAMES E. HILTON, et al.,

Defendants. ORDER

_______________________________/

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Doc. No. 4.) Before the court is plaintiff's amended complaint.

**I. The Court's Prior Screening Order**

In the court's February 7, 2012 order, the court screened plaintiff's civil rights complaint and concluded that it was defective and that plaintiff had failed to state a cognizable claim. (See Doc. No. 7.) The complaint was dismissed and plaintiff was granted leave to file an amended complaint.

Because plaintiff named Director James Hilton, the Director of the California Department of Corrections and Rehabilitation and Warden James Hill as defendants, plaintiff

was advised in the screening order that supervisory defendants are generally not liable for the actions of their employees under § 1983 and that if a named defendant holds a supervisorial position, plaintiff was required to specifically allege the causal link between the defendant and the claimed constitutional violation.

Plaintiff was also advised that to properly allege that defendants failed to adequately protect him from a known risk of harm in violation of the Eighth Amendment, he was required to set forth allegations satisfying both the objective and subjective elements of such a claim. As to the subjective element, plaintiff was advised that he needed to allege facts showing that each named defendant was deliberately indifferent about his safety, that the defendant knew of and disregarded the risk of harm to plaintiff and acted unreasonably.

**II. Plaintiff's Amended Complaint**

In his amended complaint, plaintiff has added several new defendants - - five from California State Prison - Solano (CSP-Solano) and nine from Folsom State Prison. Plaintiff also names Doe defendants from both prisons.

In his amended complaint plaintiff alleges as follows. Plaintiff arrived at CSP-Solano on July 22, 2010. On July 28, 2011, he was informed by defendant correctional officer Yehuda that a confidential informant had reported that inmate Thomas Jenkins had made a serious threat on plaintiff's life. Plaintiff was placed in administrative segregation by defendants Lt. Douglas and Associate Warden Arthur. The unit classification committee which included defendants Warden Swarthout, Lt. Arthur, Correctional Counselor Fregoso, and Lt. Douglas approved plaintiff's transfer because of the threat on his life. Plaintiff was transferred to FSP on October 1, 2010.

On October 1, plaintiff was taken to the reception center and met there with an official about his housing assignment. The unknown officer explained that plaintiff did not have any documented enemies at FSC.

/////

On January 20, 2011, an inmate approached plaintiff and told him that "Tee, wants to see you." (Doc. No. 14 at 8.) Plaintiff thought the inmate was talking about plaintiff's cell mate and followed the inmate to the prison yard. Plaintiff was confronted by inmate Thomas Jenkins who punched plaintiff in the face. The next thing plaintiff remembered was that he was being lifted from the ground with his hands cuffed behind his back. Plaintiff was escorted to the center complex and placed in a single-man, caged cubicle. Plaintiff was later housed in administrative segregation by defendant Lt. Tell based on the incident report written by defendant Correctional Officer Thomas.

On January 27, 2011, plaintiff was released from administrative segregation to general population. On that day, plaintiff was confronted by several inmates and told he could be either carried out or get off the yard. Plaintiff immediately informed the correctional sergeant and was escorted back to administrative segregation for his safety.

Plaintiff was issued a rules violation report for fighting which was reviewed by defendants Lt. Foats and Sergeant Hannigan. Defendant Thomas was the investigating employee and defendant Lt. Kauffman was the hearing officer. Defendants Lt. Kauffman and Lt. Snead interviewed plaintiff. Plaintiff was later found not guilty of the rules violation charge.

Plaintiff appeared before the Classification Committee comprised of defendants Warden Hill, Capt. Cox, Associate Warden Chappel and others. The Classification Committee decided to transfer plaintiff due to safety concerns. On March 16, 2011, plaintiff was transferred back to CSP-Solano. Plaintiff is currently house at the California Men's Colony. (Doc. No. 15.)

**III. Discussion**

Plaintiff was advised in the court's February 7, 2012 order that the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2). Upon review of plaintiff's amended complaint, the court concludes that despite the direction

provided by the court concerning the legal requirements governing an Eighth Amendment claim based upon an alleged failure to protect, plaintiff has failed to provide sufficient factual allegations to support a cognizable claim that the named defendants violated the Eighth Amendment in failing to protect plaintiff from harm.

Plaintiff has not alleged facts demonstrating a causal connection between the named defendants and his failure to protect claim. For example, the only allegations concerning CSP-Solano defendants Swarthout, Arthur, Douglas, Fregoso and Yehuda are that they acted to keep plaintiff safe from harm, informing plaintiff of the possible threat, placing him in safe housing, and transferring him to FSP. As to FSP defendants Kauffman, Floats and Hannigan, according to the allegations of the amended complaint, they were involved only in the investigation and hearing of the prison rules violation charge brought against plaintiff for fighting which was ultimately dismissed. Likewise, according to the allegations of the amended complaint, defendants Hill, Cox and Chappel from FSP were merely members of the Classification Committee that decided to transfer plaintiff after he reported that he was approached by several inmates at FSP and threatened.

There are no factual allegations in the amended complaint addressing whether defendants were deliberately indifferent to plaintiff's safety. Although plaintiff was attacked by inmate Jenkins some three and a half months after his arrival at FSP, there are no allegations in the amended complaint that any of the named defendants were aware that inmate Jenkins had been transferred to FSP and remained a threat to plaintiff's safety. Plaintiff has also not alleged that he advised any of the defendants that he continued to need protection from inmate Jenkins. For instance, there are no allegations in the amended complaint explaining why inmate Jenkins sought to harm plaintiff, whether the threat should have been perceived as an on-going serious threat, and whether plaintiff requested that inmate Jenkins be placed on his enemy list. There is not even an allegation in the amended complaint that any of the defendants were responsible for inmate Jenkins' transfer to FSP. Thus, plaintiff has not provided factual allegations that if

established to be true would show that any of the defendants knew or should have perceived that inmate Jenkins posed a substantial risk of harm to plaintiff's safety. See Berg v. Kincheloe, 794 F.3d 457, 459 (9th Cir. 1986) ("The [deliberate indifference] standard does not require that the guard or official believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault. But, on the other hand, he must have more than a mere suspicion that an attack will occur.") (internal quotation marks omitted). Here, it appears from the allegations of his amended complaint that plaintiff is merely speculating about defendants' culpability. Plaintiff has not provided factual allegations demonstrating that any defendant acted with deliberate indifference, an essential element of an Eighth Amendment claim.

Moreover, to the extent that plaintiff seeks to proceed with a claim challenging the prison rules violation report issued against him for fighting, he has also failed to state a cognizable claim. Plaintiff may believe that a rules violation report should never have been issued. However, plaintiff cannot establish that he suffered harm when the rules violation report was investigated and he was ultimately found not guilty of that charge. Furthermore, plaintiff has not identified any constitutional basis for a claim challenging the issuance of the rules violation charge.

Finally, the court has carefully considered whether plaintiff could file a second amended complaint that states a cognizable claim that would not be subject to dismissal. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies in the amended complaint noted above, and given plaintiff's failure to successfully amend his complaint when provided the

/////

opportunity to do so, the court finds that it would be futile to grant plaintiff further leave to amend.

**IV. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that this action is dismissed with prejudice due to plaintiff's failure to state a cognizable claim.[1]

DATED: April 22, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
gree1515.fsc

[1] Any request for reconsideration of this order must be filed no later than fourteen days from the service of this order. See Local Rule 303(b) ("Rulings by Magistrate Judges pursuant to this Rule shall be final if no reconsideration thereof is sought from the Court within fourteen (14) days calculated from the date of service of the ruling on the parties . . . .")