UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH GREEN,

      Plaintiff,

  v.

JAMES E. HILTON, et al.,

      Defendant.

No. No. 2:11-cv-1515 DAD P

ORDER

Plaintiff is a former state prisoner[1] proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.[2] On April 23, 2013, the undersigned issued an order dismissing this action due to plaintiff's failure to state a cognizable claim in his amended complaint. Judgment was entered that same day. Now before the court is plaintiff's amended motion for relief under Rule 60(b)(6).

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated

---

[1] On June 7, 2013, plaintiff filed a notice of change of address with the court indicating that he had been released from custody. (ECF No. 20.)

[2] Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (ECF No. 4.)

1

> intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

See also Gonzales v. Crosby, 545 U.S. 524, 528 (2005) ("Rule 60(b) allows a party to seek relief from a final judgment, and request re-opening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."). The plaintiff bears the burden of proof on a motion for relief from judgment pursuant to Rule 60(b), and such motions are addressed to the sound discretion of the district court. See Allmerica Financial Life Ins. and Annuity Co. v. Llewellyn, 139 F.3d 664, 665 (9th Cir. 1997); Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986).

In his motion, plaintiff contends that he has had difficulty explaining his case to the court because of the lack of legal assistance. (ECF No. 19 at 2.) As in his amended complaint, plaintiff asserts that someone must have known that inmate Thomas Jenkins was being sent to the same prison where plaintiff had been transferred and should have known that plaintiff's safety would be placed in danger if he and inmate Jenkins were confined at the same institution. (Id. at 3.) Plaintiff explains his history with inmate Jenkins and how a conflict arose between them concerning Jenkins' involvement with the illegal use of a cell phone. (Id. at 4-5.) Plaintiff believes that his transfer and inmate Jenkins' transfer to the same facility is suspicious and must be due to some serious omission by unidentified prison staff. (Id. at 5.) Plaintiff also contends that the court has been insensitive to the physical and mental trauma that he has suffered. (Id. at 6.) Lastly, plaintiff requests that the court reconsider the dismissal of this action because of unresolved questions concerning the transfers of he and inmate Jenkins to the same institution. (Id. at 6-7.)

The court finds that plaintiff has failed to present proof of any newly discovered evidence in support of his motion for relief under Rule 60(b). In addition, plaintiff has failed to present anything justifying the granting of relief from judgment. Instead, plaintiff reasserts the allegations set forth in his amended complaint and argues that since he was injured by inmate

1 Jenkins, there must have been a violation of his constitutional rights.  This is bare allegation alone
2 is insufficient for the granting of relief under Rule 60(b).  Therefore, plaintiff's motion will be
3 denied.

4     Accordingly, IT IS HEREBY ORDERED that plaintiff's May 6, 2013 amended motion
5 for relief pursuant to Rule 60(b)(6) (ECF No. 19) is denied.

6 Dated: July 15, 2013

```
DAD:4
gree1515.60b
```

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE